## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 6001 MAY, LLC,<br>PMG ONE, L.C., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. CIV-14-482-M<br>) |
| STAMATIS ENTERPRISES, INC.;<br>EXECUTOR OF THE ESTATE OF NULA<br>STAMATIS;<br>JOHN DOE, TRUSTEE OF THE CHRIS<br>PHILLIP STAMATIS AND MARY ELGIE<br>STAMATIS JOINT LIVING TRUST;<br>JOHN DOE, TRUSTEE OF THE TRUST<br>NUMBER 1101;<br>CHRIS PHILLIP STAMATIS, AS<br>TRUSTEE OF THE CHRIS PHILLIP<br>STAMATIS AND MARY ELGIE<br>STAMATIS IRREVOCABLE TRUST;<br>CHRIS STAMATIS; and<br>MARY ELGIE STAMATIS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants, | )<br>) |
| and | )<br>) |
| STAMATIS ENTERPRISES, INC.;<br>CHRIS STAMATIS; and<br>MARY ELGIE STAMATIS, | )<br>)<br>)<br>) |
| Third-Party Plaintiffs, | )<br>) |
| vs. | )<br>) |
| SAFETY TECH, INC.;<br>TODD L. MARTIN;<br>CARDINAL ENGINEERING, INC.;<br>STEVE MASON; and<br>DAVID TEDFORD, | )<br>)<br>)<br>)<br>)<br>) |
| Third-Party Defendants. | ) |

**ORDER**

Before the Court is third-party defendants Cardinal Engineering, Inc. ("Cardinal Engineering") and Steve Mason's ("Mason") (collectively, "Cardinal Defendants") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), filed December 9, 2014. On January 16, 2015, third-party plaintiffs Stamatis Enterprises, Inc., Chris Stamatis, and Mary Elgie Stamatis (collectively, "Stamatis Parties") filed their response, and on January 23, 2015, the Cardinal Defendants filed their reply.

I.  Introduction[1]

In 2001, third-party plaintiff Stamatis Enterprises, Inc. ("Stamatis Enterprises") hired third-party defendant Safety Tech, Inc. ("Safety Tech") to complete a field investigation of the soil at the property of 6001-6003 N. May Avenue in Oklahoma City, Oklahoma, and adjacent property. Safety Tech is in the business of, among other things, providing environmental services, including conducting Phase I, II, and III Site Investigations. Third-party defendant Todd L. Martin ("Martin"), a Safety Tech employee, conducted both a Phase I and Phase II site assessment of the property at 6001-6003 N. May Avenue. Martin is an industrial hygienist. Martin took all samples used in the site investigations and concluded and certified that no further action was needed.

Prior to acquiring Stamatis Enterprises' business, plaintiff PMG One, L.C. ("PMG One") hired Cardinal Engineering to provide expert recommendations and advice regarding the contamination of the site at 6001-6003 N. May Avenue and the work of Safety Tech at that site. Cardinal Engineering is in the business of, among other things, providing environmental services,

---

[1]The facts set forth in this Introduction are based upon the allegations contained in the Third-Party Complaint.

2

including conducting Phase I, II, and III Site Investigations. Mason, a professional engineer, and third-party defendant David Tedford, an engineer intern, conducted an environmental assessment of the site. The Stamatis Parties allege that from its review of the Safety Tech reports and work, and from its own work, Cardinal Engineering was fully aware and informed of the presence of chemicals, in particular tetrachloroethylene, which is typically used at dry cleaning operations. Cardinal Engineering advised that there is no remediation recommended and no further testing required due to concerned area not reaching the reportable quantity and further advised that in its opinion, the Oklahoma Department of Environmental Quality ("ODEQ") would not require remediation based on these results.

The Stamatis Parties allege that Cardinal Engineering conducted its study of the property in furtherance of the acquisition of the business by PMG One from Stamatis Enterprises. PMG One provided Stamatis Enterprises with a copy of the Cardinal Engineering correspondence. The Stamatis Parties also allege that Cardinal Engineering knew or should have known that its conclusions and study would be provided to Stamatis Enterprises. The Stamatis Parties further allege that PMG One, in providing the Cardinal Engineering report to Stamatis Enterprises, induced Chris and Mary Elgie Stamatis to sign the PMG One Guaranty.

In July or August of 2013, Mr. Stamatis became aware of contamination to the neighboring properties that might be attributed to the dry cleaning operations when he received correspondence from the ODEQ regarding remedying the contamination. On May 12, 2014, plaintiffs filed the instant action against the Stamatis Parties, and others, to recover for the environmental cleanup of the contamination. On October 24, 2014, the Stamatis Parties filed a Third-Party Complaint against Safety Tech, Martin, Cardinal Engineering, Mason, and David Tedford, alleging the following

3

causes of action: (1) professional negligence[2], (2) negligent misrepresentation, and (3) contribution and indemnity. The Cardinal Defendants now move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the claims asserted against them.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal

---

[2]Included within this cause of action are allegations regarding negligence *per se*.

quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.    Discussion

    A.    Professional negligence

To establish a prima facie case of professional negligence, the Stamatis Parties must show that: (1) the Cardinal Defendants owed a duty of care, arising from its rendition of professional services, to the Stamatis Parties; (2) the duty was breached; and (3) injury and the resultant damages were directly the result of the Cardinal Defendants' failure to perform its duty. *See Stroud v. Arthur Andersen & Co.*, 37 P.3d 783, 788 (Okla. 2001). The Cardinal Defendants assert that the Stamatis Parties have failed to state a cause of action for professional negligence because the Stamatis Parties fail to establish any professional duties owed by the Cardinal Defendants to the Stamatis Parties and because the alleged acts and/or omissions of the Cardinal Defendants cannot be the proximate cause of the Stamatis Parties' alleged damages.

> [W]hether or not a duty exists depends on the relationship between the parties and the general risks involved in the common undertaking. Duty of care is a question of law. The court decides whether a defendant stands in such a relationship to a plaintiff that the defendant owes an obligation of reasonable conduct for the benefit of the plaintiff. [D]uty is . . . only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. The most important consideration in establishing duty is foreseeability.

*Delbrel v. Doenges Bros. Ford, Inc.*, 913 P.2d 1318, 1320-21 (Okla. 1996) (internal quotations and citations omitted).

Thus, in the instant case, whether the Cardinal Defendants owed a duty of care to the Stamatis Parties turns on the scope of the Cardinal Defendants' environmental consulting work for PMG One and whether or not it was foreseeable that the Cardinal Defendants' report would be given to, and relied upon by, the Stamatis Parties. Having carefully reviewed the Third-Party Complaint, and presuming all of the Stamatis Parties' factual allegations are true and construing them in the light most favorable to the Stamatis Parties, the Court finds the Stamatis Parties have set forth sufficient factual allegations to support a finding that the Cardinal Defendants owed a duty of care to the Stamatis Parties. The Stamatis Parties have specifically alleged that Cardinal Engineering conducted its study of the property in furtherance of the acquisition of the dry cleaning business by PMG One from Stamatis Enterprises and that Cardinal Engineering knew or should have known that its conclusions and study would be provided to Stamatis Enterprises.[3] *See* Third-Party Compl. ¶¶ 17, 31.

> Actionable negligence requires that the act complained of be the *direct cause* of the harm for which liability is sought to be imposed. Further, whether the complained of negligence is the proximate cause of the plaintiff's injury is dependent upon the harm (for which compensation is sought) being the result of **both** the natural and *probable* consequences of the primary negligence.

*Lockhart v. Loosen*, 943 P.2d 1074, 1079 (Okla. 1997) (emphasis in original).

Having carefully reviewed the Third-Party Complaint, the Court finds that the Stamatis Parties have set forth sufficient factual allegations to support a finding that the Stamatis Parties' injury and the resultant damages were directly the result of the Cardinal Defendants' failure to perform their duty. The Stamatis Parties specifically allege that because of their reliance on the

---

[3]The Court would note this finding is strictly limited to this ruling on the motion to dismiss.

Cardinal Defendants' report, they did not undertake any action to address the contamination and entered into the PMG Guaranty and that the migration of the soil contamination at the property since 2001 (the time of the Cardinal Defendants' report), and the damages the Stamatis Parties have incurred as a result, are the direct result of the Cardinal Defendants' negligence.

Accordingly, the Court finds the Stamatis Parties' cause of action for professional negligence should not be dismissed.

B. Negligence *per se*

> A statute's violation is deemed negligence *per se* if the claimed injury (a) was caused by the law's violation, (b) was of the type intended to be prevented by the statute, and (c) the injured party was a member of the class meant to be protected by the statute.

*Lockhart*, 943 P.2d at 1078.

The Cardinal Defendants contend the Stamatis Parties have failed to allege these elements. The only allegations contained in the Third-Party Complaint regarding negligence *per se* as it relates to the Cardinal Defendants is the following: "Mason's actions in recommending no further remediation constitute negligence *per se* in violation of the Rules of Professional Conduct for Professional Engineers." Third-Party Compl. ¶ 29. The Court finds this sole, conclusory allegation is insufficient to state a claim for negligence *per se* against the Cardinal Defendants.

Accordingly, the Court finds the Stamatis Parties' negligence *per se* claim against the Cardinal Defendants should be dismissed.

C. Negligent misrepresentation

The Cardinal Defendants assert that the Stamatis Parties can not maintain a cause of action for negligent misrepresentation against them because the Stamatis Parties have not alleged sufficient factual allegations to infer that the Cardinal Defendants intended for their December 18, 2001 letter

7

to be provided to the Stamatis Parties and influence the Stamatis Parties in their transactions with plaintiffs or that the Cardinal Defendants intended that the letter be provided for the benefit and guidance of the Stamatis Parties. The Stamatis Parties assert that they have sufficiently pled a cause of action for negligent misrepresentation against the Cardinal Defendants.

Oklahoma has adopted the Restatement (Second) of Torts § 552 for negligent misrepresentation claims. *See Lopez v. Rollins*, 303 P.3d 911, 916 (Okla. Civ. App. 2013). Section 552 provides:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 522. Under § 522, a professional "would be liable to a limited group of people embracing (1) those for whose guidance the [professional] intended to supply the [information] and (2) those to whom the [professional] knows his client intended to supply the [information]." *Stroud*, 37 P.3d at 794.

Having carefully reviewed the Third-Party Complaint, and presuming all of the Stamatis Parties' factual allegations are true and construing them in the light most favorable to the Stamatis Parties, the Court finds the Stamatis Parties have set forth sufficient factual allegations to state a negligent misrepresentation claim against the Cardinal Defendants. Specifically, the Court finds the Stamatis Parties have specifically alleged that the Cardinal Defendants knew or should have known that their report would be provided by PMG One to the Stamatis Parties and that the Stamatis Parties would rely on the Cardinal Defendants' report. Based upon these allegations, the Stamatis Parties

would fall within the limited group of people to which the Cardinal Defendants would be liable for negligent misrepresentation. Additionally, the Court finds the Stamatis Parties have set forth sufficient factual allegations that the Cardinal Defendants' report contained false and misleading information and that the Stamatis Parties' relied on the information in the Cardinal Defendants' report and did not take any action, at that time, to address the contamination.

Accordingly, the Court finds the Stamatis Parties' negligent misrepresentation cause of action against the Cardinal Defendants should not be dismissed.

D.   Contribution and indemnity

Oklahoma law provides a right to contribution in circumstances arising in tort, between joint and several tort-feasors. *See* Okla. Stat. tit. 12, § 832(A). Additionally,

> [t]he right of contribution exists only in favor of a tort-feasor who has paid more than their pro rata share of the common liability, and the total recovery is limited to the amount paid by the tort-feasor in excess of their pro rata share. No tort-feasor is compelled to make contribution beyond their pro rata share of the entire liability.

Okla. Stat. tit. 12, § 832(B). Further,

> [t]he right to indemnity is not limited to cases where there is an express agreement to that effect. A right to implied indemnity may arise out of a contractual or a special relationship between parties and from equitable considerations. In the case of a noncontractual indemnity, the right rests upon fault of another which has been imputed or constructively fastened upon him who seeks indemnity.

*Cent. Nat'l Bank of Poteau, Okla. v. McDaniel*, 734 P.2d 1314, 1316 (Okla. Civ. App. 1986).

In their Third-Party Complaint, the Stamatis Parties allege the following regarding their contribution and indemnity cause of action:

> 53.   On May 12, 2014, Plaintiffs 6001 May, LLC and PMG One sued Stamatis Enterprises in this action (a) alleging claims for cost recovery, contribution, and declaratory relief pursuant to the

> Comprehensive Environmental Response, Compensation and Liability Act, (b) alleging state law claims for private nuisance, public nuisance, negligence, injury to real property/trespass, breach of lease agreement, breach of asset purchase agreement, and fraud, and (c) seeking punitive damages.
> 54. To the extent Stamatis Enterprises is required to pay any person or entity any damages in connection with the claims asserted in this action, Safety Tech and Cardinal Engineering are jointly and severally obligated to reimburse Stamatis Enterprises for such sums under the common law, contractual, and statutory theories of contribution and indemnity.

Third-Party Compl. ¶¶ 53-54.

Having carefully reviewed the Third-Party Complaint, the Court finds that the Stamatis Parties have not set forth sufficient factual allegations to state a claim for contribution and indemnity. The Stamatis Parties set forth no factual allegations as to any contractual or special relationship between the Stamatis Parties and the Cardinal Defendants or as to any equitable considerations warranting a claim for indemnity. The Stamatis Parties also set forth no factual allegations as to their contribution claim. The Stamatis Parties simply make the conclusory allegation that Cardinal Engineering is jointly and severally obligated to reimburse Stamatis Enterprises under the theories of contribution and indemnity.

Accordingly, the Court finds the Stamatis Parties' contribution and indemnity claim should be dismissed.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Cardinal Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [docket no. 56] as follows:

(A)  The Court GRANTS the motion to dismiss as to the Stamatis Parties' negligence *per se* claim and contribution and indemnity claim and hereby DISMISSES these claims; and

(B)  The Court DENIES the motion to dismiss as to the Stamatis Parties' professional negligence claim and negligent misrepresentation claim.

**IT IS SO ORDERED this 20th day of April, 2015.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE