## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

6001 MAY, LLC,                                     )
PMG ONE, L.C.,                                     )
                                                   )
        Plaintiffs,                  )
                                                   )
vs.                                                )    Case No. CIV-14-482-M
                                                   )
STAMATIS ENTERPRISES, INC.;                        )
EXECUTOR OF THE ESTATE OF NULA )
STAMATIS;                                          )
JOHN DOE, TRUSTEE OF THE CHRIS                     )
PHILLIP STAMATIS AND MARY ELGIE )
STAMATIS JOINT LIVING TRUST;                       )
JOHN DOE, TRUSTEE OF THE TRUST                     )
NUMBER 1101;                                       )
CHRIS PHILLIP STAMATIS, AS                         )
TRUSTEE OF THE CHRIS PHILLIP                       )
STAMATIS AND MARY ELGIE                            )
STAMATIS IRREVOCABLE TRUST;                        )
CHRIS STAMATIS; and                                )
MARY ELGIE STAMATIS,                               )
                                                   )
        Defendants,                  )
                                                   )
and                                                )
                                                   )
STAMATIS ENTERPRISES, INC.;                        )
CHRIS STAMATIS; and                                )
MARY ELGIE STAMATIS,                               )
                                                   )
        Third-Party Plaintiffs,      )
                                                   )
vs.                                                )
                                                   )
SAFETY TECH, INC.;                                 )
TODD L. MARTIN;                                    )
CARDINAL ENGINEERING, INC.;                        )
STEVE MASON; and                                   )
DAVID TEDFORD,                                     )
                                                   )
        Third-Party Defendants.      )

# ORDER

Before the Court is third-party defendants Safety Tech, Inc. ("Safety Tech") and Todd L. Martin's ("Martin") (collectively, "Safety Tech Defendants") Motion to Dismiss, filed December 10, 2014. On January 16, 2015, third-party plaintiffs Stamatis Enterprises, Inc., Chris Stamatis, and Mary Elgie Stamatis (collectively, "Stamatis Parties") filed their response, and on January 23, 2015, the Safety Tech Defendants filed their reply.

I.     Introduction[1]

In 2001, third-party plaintiff Stamatis Enterprises, Inc. ("Stamatis Enterprises") hired Safety Tech to complete a field investigation of the soil at the property of 6001-6003 N. May Avenue in Oklahoma City, Oklahoma, and adjacent property. Safety Tech is in the business of, among other things, providing environmental services, including conducting Phase I, II, and III Site Investigations. Martin, a Safety Tech employee, conducted both a Phase I and Phase II site assessment of the property at 6001-6003 N. May Avenue. Martin is an industrial hygienist. Martin took all samples used in the site investigations and concluded and certified that no further action was needed.

Prior to acquiring Stamatis Enterprises' business, plaintiff PMG One, L.C. ("PMG One") hired third-party defendant Cardinal Engineering, Inc. ("Cardinal Engineering") to provide expert recommendations and advice regarding the contamination of the site at 6001-6003 N. May Avenue and the work of Safety Tech at that site. Cardinal Engineering is in the business of, among other things, providing environmental services, including conducting Phase I, II, and III Site

---

[1]The facts set forth in this Introduction are based upon the allegations contained in the Third-Party Complaint.

Investigations. Third-party defendant Steve Mason ("Mason"), a professional engineer, and third-party defendant David Tedford, an engineer intern, conducted an environmental assessment of the site. Cardinal Engineering advised that there is no remediation recommended and no further testing required due to concerned area not reaching the reportable quantity and further advised that in its opinion, the Oklahoma Department of Environmental Quality ("ODEQ") would not require remediation based on these results.

In July or August of 2013, Mr. Stamatis became aware of contamination to the neighboring properties that might be attributed to the dry cleaning operations when he received correspondence from the ODEQ regarding remedying the contamination. On May 12, 2014, plaintiffs filed the instant action against the Stamatis Parties, and others, to recover for the environmental cleanup of the contamination. On October 24, 2014, the Stamatis Parties filed a Third-Party Complaint against Safety Tech, Martin, Cardinal Engineering, Mason, and David Tedford, alleging the following causes of action: (1) professional negligence[2], (2) negligent misrepresentation, and (3) contribution and indemnity. The Safety Tech Defendants now move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the claims asserted against them.

## II.    Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[2]Included within this cause of action are allegations regarding negligence *per se*.

3

> alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.    Discussion

The Safety Tech Defendants contend the Stamatis Parties' claims against them should be dismissed on the following grounds: (1) the statute of limitations has run; (2) the claims are barred by the statute of repose; (3) the Stamatis Parties cannot establish that the Safety Tech Defendants were the proximate cause of the contamination; and (4) there is no basis for a claim for contribution and indemnity.

A.      Statute of limitations

The Safety Tech Defendants contend that the Stamatis Parties' claims are barred by the two

year statute of limitations for tort actions. Specifically, the Safety Tech Defendants assert that their

last contact with the Stamatis Parties was January 7, 2002, and under Oklahoma law, the very latest

that the Stamatis Parties could have asserted a negligence claim against them would have been

January 7, 2004. The Safety Tech Defendants, therefore, assert that the Stamatis Parties' claims are

clearly time-barred.

A negligence cause of action must be brought within two years of the accrual of the cause

of action. *See* Okla. Stat. tit. 12, § 95. "[A] cause of action for negligence does not accrue until a

litigant could have maintained an action to a successful conclusion". *Marshall v. Fenton, Fenton,*

*Smith, Reneau and Moon, P.C.*, 899 P.2d 621, 623 (Okla. 1995). Thus, "the statute of limitations

for a negligence action begins to run only after two events have transpired: (1) the negligent act has

occurred and (2) the plaintiff has suffered damages." *Id.* at 624. Further, the statute of limitations

is subject, in certain instances, to a discovery rule. *See Samuel Roberts Noble Found., Inc. v. Vick*,

840 P.2d 619, 624 (Okla. 1992). "The discovery rule provides that the limitations period does not

begin to run until the date the plaintiff knew or should have known of the injury." *Id.*

Having carefully reviewed the parties' submissions, the Third-Party Complaint, and the

documents attached to the Third-Party Complaint, the Court finds that based upon the Stamatis

Parties' allegations, their claims against the Safety Tech Defendants are not barred by the statute of

limitations. In their Third-Party Complaint, the Stamatis Parties allege they suffered damages when

they learned of the contamination in July or August of 2013 when Mr. Stamatis received

correspondence from the ODEQ regarding remedying the contamination and in May 2014, when

they were sued by plaintiffs in the instant action. Further, based upon the factual allegations in the Third-Party Complaint, the Court finds the Stamatis Parties knew or should have known of the injury no earlier than the date Mr. Stamatis received correspondence from the ODEQ. While the Safety Tech Defendants may have included in their reports some proposed actions the Stamatis Parties could take, the ultimate conclusion conveyed to the Stamatis Parties was that no further action was needed.[3]

Accordingly, the Court finds the Stamatis Parties' causes of action should not be dismissed on this basis.

B.    Statute of repose

The Safety Tech Defendants contend that the Stamatis Parties' claims are barred by the statute of repose set forth in Okla. Stat. tit. 12, § 109. This statute provides:

> No action in tort to recover damages
> (i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,
> (ii) for injury to property, real or personal, arising out of any such deficiency, or
> (iii) for injury to the person or for wrongful death arising out of any such deficiency,
> shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement.

---

[3]The Court would note this finding is strictly limited to this ruling on the motion to dismiss. When the Stamatis Parties actually suffered damages and when the Stamatis Parties knew or should have known of the injury are clearly questions of fact, and the discovery conducted in this case should provide the answers to these issues.

Okla. Stat. tit. 12, § 109. "The ad valorem tax code's definition is to be used when determining whether the work in suit constitutes an 'improvement to real property'" under the statute of repose. *Kirby v. Jean's Plumbing Heat & Air*, 222 P.3d 21, 26 (Okla. 2009). The ad valorem tax code defines "improvement" as "a valuable addition made to property amounting to more than normal repairs, replacement, maintenance or upkeep". Okla. Stat. tit. 68, § 2802.1(A)(3).

Having reviewed the parties' submissions and the Third-Party Complaint, the Court finds the statute of repose does not apply to this case. In the case at bar, the Stamatis Parties allege that the Safety Tech Defendants negligently preformed certain environmental services, specifically conducting the Phase I and Phase II site assessments. These services did not involve the design, planning, supervision or observation of construction or construction of an improvement to real property. Further, as a result of the Safety Tech Defendants' performance of environmental services, no valuable addition was made to the Stamatis Parties' property amounting to more than normal repairs, replacement, maintenance or upkeep.[4]

Accordingly, the Court finds the Stamatis Parties' causes of action should not be dismissed on this basis.

### C.     Proximate cause

To establish a prima facie case of professional negligence, the Stamatis Parties must show that: (1) the Safety Tech Defendants owed a duty of care, arising from its rendition of professional services, to the Stamatis Parties; (2) the duty was breached; and (3) injury and the resultant damages

---

[4]The Safety Tech Defendants rely on *Samuel Roberts Nobel Foundation, Inc. v. Vick*, 840 P.2d 619 (Okla. 1992) in support of their contention. The *Samuel Roberts Nobel* case is distinguishable from the case at bar. In that case, the soil engineer performed tests on the soil in connection with the construction of a new building, thus, clearly meeting the definition of improvement to real property and falling within the statute of repose.

were directly the result of the Safety Tech Defendants' failure to perform its duty. *See Stroud v. Arthur Andersen & Co.*, 37 P.3d 783, 788 (Okla. 2001). The Safety Tech Defendants assert that the Stamatis Parties have failed to state a cause of action for negligence because the Stamatis Parties fail to establish that the Safety Tech Defendants' actions were the proximate cause of the contamination.

> Actionable negligence requires that the act complained of be the *direct cause* of the harm for which liability is sought to be imposed. Further, whether the complained of negligence is the proximate cause of the plaintiff's injury is dependent upon the harm (for which compensation is sought) being the result of ***both*** *the natural and probable* consequences of the primary negligence.

*Lockhart v. Loosen*, 943 P.2d 1074, 1079 (Okla. 1997) (emphasis in original).

Having carefully reviewed the Third-Party Complaint, the Court finds that the Stamatis Parties have set forth sufficient factual allegations to support a finding that the Stamatis Parties' injury and the resultant damages were directly the result of the Safety Tech Defendants' failure to perform their duty. The Stamatis Parties are not alleging that the Safety Tech Defendants' actions caused the contamination but are alleging that because of their reliance on the Safety Tech Defendants' environmental assessment of the property, they did not undertake any action to address the contamination and entered into the PMG Guaranty and that the migration of the soil contamination at the property since 2001 (the time of the environmental assessments), and the damages the Stamatis Parties have incurred as a result, are the direct result of the Safety Tech Defendants' negligence.

Accordingly, the Court finds the Stamatis Parties' causes of action for negligence should not be dismissed.

D.    Negligence *per se*

> A statute's violation is deemed negligence *per se* if the claimed injury (a) was caused by the law's violation, (b) was of the type intended to be prevented by the statute, and (c) the injured party was a member of the class meant to be protected by the statute.

*Lockhart*, 943 P.2d at 1078.

The Safety Tech Defendants contend the Stamatis Parties have failed to allege these elements.  The only allegations contained in the Third-Party Complaint regarding negligence *per se* as it relates to the Safety Tech Defendants is the following: "Martin's actions in performing services outside his areas of competence constitute negligence *per se* under Oklahoma Law."  Third-Party Compl. ¶ 27.  The Court finds this sole, conclusory allegation is insufficient to state a claim for negligence *per se* against the Safety Tech Defendants.

Accordingly, the Court finds the Stamatis Parties' negligence *per se* claim against the Safety Tech Defendants should be dismissed.

E.    Contribution and indemnity

Oklahoma law provides a right to contribution in circumstances arising in tort, between joint and several tort-feasors.  *See* Okla. Stat. tit. 12, § 832(A).  Additionally,

> [t]he right of contribution exists only in favor of a tort-feasor who has paid more than their pro rata share of the common liability, and the total recovery is limited to the amount paid by the tort-feasor in excess of their pro rata share.  No tort-feasor is compelled to make contribution beyond their pro rata share of the entire liability.

Okla. Stat. tit. 12, § 832(B).  Further,

> [t]he right to indemnity is not limited to cases where there is an express agreement to that effect.  A right to implied indemnity may arise out of a contractual or a special relationship between parties and from equitable considerations.   In the case of a noncontractual

> indemnity, the right rests upon fault of another which has been imputed or constructively fastened upon him who seeks indemnity.

*Cent. Nat'l Bank of Poteau, Okla. v. McDaniel*, 734 P.2d 1314, 1316 (Okla. Civ. App. 1986).

In their Third-Party Complaint, the Stamatis Parties allege the following regarding their contribution and indemnity cause of action:

> 53.     On May 12, 2014, Plaintiffs 6001 May, LLC and PMG One sued Stamatis Enterprises in this action (a) alleging claims for cost recovery, contribution, and declaratory relief pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, (b) alleging state law claims for private nuisance, public nuisance, negligence, injury to real property/trespass, breach of lease agreement, breach of asset purchase agreement, and fraud, and (c) seeking punitive damages.
> 54.     To the extent Stamatis Enterprises is required to pay any person or entity any damages in connection with the claims asserted in this action, Safety Tech and Cardinal Engineering are jointly and severally obligated to reimburse Stamatis Enterprises for such sums under the common law, contractual, and statutory theories of contribution and indemnity.

Third-Party Compl. ¶¶ 53-54.

Having carefully reviewed the Third-Party Complaint, the Court finds that the Stamatis Parties have not set forth sufficient factual allegations to state a claim for contribution and indemnity. The Stamatis Parties set forth no factual allegations as to any contractual or special relationship between the Stamatis Parties and the Safety Tech Defendants or as to any equitable considerations warranting a claim for indemnity. The Stamatis Parties also set forth no factual allegations as to their contribution claim. The Stamatis Parties simply make the conclusory allegation that Safety Tech is jointly and severally obligated to reimburse Stamatis Enterprises under the theories of contribution and indemnity.

Accordingly, the Court finds the Stamatis Parties' contribution and indemnity claim should be dismissed.

IV.   Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Safety Tech Defendants' Motion to Dismiss [docket no. 57] as follows:

(A)   The Court GRANTS the motion to dismiss as to the Stamatis Parties' negligence *per se* claim and contribution and indemnity claim and hereby DISMISSES these claims; and

(B)   The Court DENIES the motion to dismiss as to the Stamatis Parties' professional negligence claim and negligent misrepresentation claim.

**IT IS SO ORDERED this 20th day of April, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE