# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 6001 MAY, LLC, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. CIV-14-482-M |
| STAMATIS ENTERPRISES, INC., et al., | ) |
| Defendants, | ) |
| and | ) |
| STAMATIS ENTERPRISES, INC., et al., | ) |
| Third-Party Plaintiffs, | ) |
| vs. | ) |
| SAFETY TECH, INC., et al., | ) |
| Third-Party Defendants. | ) |

## ORDER

Before the Court is third-party plaintiffs' Motion to Strike Affirmative Defenses in Answer of Cardinal Engineering, Inc. and Steve Mason, filed June 5, 2015. On July 7, 2015, third-party defendants Cardinal Engineering, Inc. and Steven Mason ("Cardinal and Mason") filed their response. Third-party plaintiffs move this Court to strike certain of the affirmative defenses of third-party defendants Cardinal and Mason because the defenses are not supported by sufficiently pled facts.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a portion of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are

disfavored. *See Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769 (10th Cir. 1932) (observing that courts should proceed with extreme caution in striking a pleading). While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court. *See Scherer v. United States Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003). Further, while the Tenth Circuit has not ruled on whether *Twombly* and *Iqbal* apply to pleading affirmative defenses, this Court has ruled that they do apply. *See, e.g., Burget v. Capital W. Secs., Inc.*, Case No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009); *Suarez-Martinez v. Wells Fargo Bank, N.A.*, Case No. CIV-14-1322-M, 2015 WL 1040420 (W.D. Okla. Mar. 10, 2015). The Court, therefore, finds that the affirmative defenses at issue in this case must satisfy the pleading standards set forth in *Twombly* and *Iqbal*.

Third-party plaintiffs move to strike third-party defendants Cardinal and Mason's affirmative defenses nos. 2, 4, 5, 6, and 8.[1] Third-party plaintiffs assert that third-party defendants Cardinal and Mason have pled no facts to support these affirmative defenses and that these affirmative defenses are, therefore, deficient under *Twombly* and *Iqbal*. Third-party defendants Cardinal and Mason assert that these defenses were appropriately pled. Having carefully reviewed third-party defendants Cardinal and Mason's Answer to Third-Party Complaint, the Court finds that third-party defendants Cardinal and Mason have set forth absolutely no factual basis for these affirmative defenses; third-party defendants Cardinal and Mason merely include a boilerplate, conclusory statement asserting these defenses. The Court, therefore, finds that these affirmative defenses fail to satisfy the

---

[1]Third-party plaintiffs also move to strike affirmative defense no. 10, which reserves the right to assert any and all affirmative defenses which discovery may reveal appropriate. In their response, third-party defendants Cardinal and Mason state that this statement is not an affirmative defense. Having reviewed the parties' submissions, the Court finds no need to strike third-party defendants Cardinal and Mason's reservation of their right to assert additional affirmative defenses.

*Twombly* and *Iqbal* pleading standards and should be stricken. However, the Court finds that third-party defendants Cardinal and Mason should be granted leave to amend their answer to cure the above deficiency.

Accordingly, the Court GRANTS third-party plaintiffs' Motion to Strike Affirmative Defenses in Answer of Cardinal Engineering, Inc. and Steve Mason [docket no. 114], STRIKES third-party defendants Cardinal and Mason's affirmative defenses nos. 2, 4, 5, 6, and 8, and GRANTS third-party defendants Cardinal and Mason leave to file an amended answer. Said amended answer shall be filed within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED this 7th day of October, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE