# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 6001 MAY, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-14-482-M |
| ) | |
| STAMATIS ENTERPRISES, INC., et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| STAMATIS ENTERPRISES, INC., et al., ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| SAFETY TECH, INC., et al., ) | |
| ) | |
| Third-Party Defendants. ) | |

## ORDER

Before the Court is defendants Chris Stamatis and Mary Elgie Stamatis' Motion to Dismiss Amended Complaint, filed April 20, 2015. On May 22, 2015, plaintiff 6001 May, LLC ("6001 May") filed its response, and on May 26, 2015, plaintiff PMG One L.C. filed its response. On June 5, 2015, defendants Chris Stamatis and Mary Elgie Stamatis filed their replies.

Defendants Chris Stamatis and Mary Elgie Stamatis move this Court to dismiss Count IX (Breach of Lease Agreement) and Count X (Breach of Guaranties) of the Amended Complaint. Additionally, defendants Chris Stamatis and Mary Elgie Stamatis move this Court to dismiss each count of the Amended Complaint insofar as it alleges they are responsible under an alter ego theory for the conduct of the corporate defendant, Stamatis Enterprises, Inc., formerly named American Cleaners and Laundry, Inc.

I.  Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

II. Discussion

    A.     Count IX (Breach of Lease Agreement)

On May 21, 2015, plaintiffs filed a Stipulation Of Partial Dismissal, Without Prejudice. In that stipulation, plaintiffs dismissed without prejudice Count IX of the Amended Complaint as to defendants Chris Stamatis and Mary Elgie Stamatis. In light of the dismissal of Count IX as to defendants Chris Stamatis and Mary Elgie Stamatis, the Court finds the instant motion to dismiss is now moot as to Count IX.

    B.     Count X (Breach of Guaranties)

Defendants Chris Stamatis and Mary Elgie Stamatis assert, in part, that Count X should be dismissed because the 1986 Guaranty was a personal covenant that ran in favor of James B. Battle, Jr. and the 2000 Guaranty was a personal covenant that ran in favor of the Ellen M. Battle Trust and these personal covenants cannot be transferred by deed. In response, plaintiff 6001 May contends that as a "successor," it may enforce the 1986 and 2000 guarantees. Specifically, plaintiff 6001 May contends that the 2000 Guaranty explicitly states: "the undersigned guarantee to the Landlord, its successors and assigns, the full performance and observance of all the covenants, conditions and agreements therein provided to be performed and observed by the Tenant." December 31, 2000 Lease Agreement at 5.[1]

Having carefully reviewed the Amended Complaint, the Court finds that plaintiff 6001 May does not sufficiently allege that it is the successor or assign of either James B. Battle, Jr. or the Ellen M. Battle Trust in relation to the guarantees at issue. In the Amended Complaint, plaintiff 6001 May never specifically alleges that it is the successor or assign of either James B. Battle, Jr. or the Ellen

---

[1] The 1986 Guaranty contains language that is substantively the same.

M. Battle Trust. The only allegation in the Amended Complaint regarding the relationship between plaintiff 6001 May and the Ellen M. Battle Trust is the following: "In January 2012, by an appropriate deed, the Battle Trust transferred to 6001 May all of Battle Trust's right, title, interest, equity and ownership, including every claim and demand both at law and in equity, in the 6001 May Property." Amended Complaint at ¶ 17. However, only those covenants/guarantees that run with the land are transferred by deed; personal covenants that do not run with the land are not transferred by deed and must be specifically assigned to a successor in interest. *See Local Fed. Sav. & Loan Ass'n of Okla. City v. Eckroat*, 100 P.2d 261, 262 (Okla. 1940); *Prairie Oil & Gas Co. v. Jordan*, 3 P.2d 170, 172 (Okla. 1931). The Court finds that the 1986 Guaranty and the 2000 Guaranty do not run with the land and must be specifically assigned to plaintiff 6001 May in order for plaintiff 6001 May to enforce the guarantees. *See Peyton Bldg., LLC v. Niko's Gourmet, Inc.*, 323 P.3d 629, 634 (Wash. Ct. App. 2014) (holding that personal guarantee does not run with the land). Because plaintiff 6001 May has not set forth any factual allegations in the Amended Complaint that the guarantees were assigned to them, the Court finds that Count X should be dismissed as to defendants Chris Stamatis and Mary Elgie Stamatis.

### C. Alter Ego Liability

Defendants Chris Stamatis and Mary Elgie Stamatis assert that all allegations of the Amended Complaint, and all counts,[2] that allege that the they are responsible for the conduct of the corporate defendant, Stamatis Enterprises, Inc., on the theory of alter ego should be dismissed. In their responses, plaintiffs state that they have not brought any claims against defendants Chris

---

[2]Specifically, defendants Chris Stamatis and Mary Elgie Stamatis seek the dismissal of Counts I-VII, IX, XIV, and XV.

Stamatis and Mary Elgie Stamatis based on vicarious liability and/or an alter ego theory. In light of plaintiffs' statement, the Court finds that the instant motion to dismiss is moot as to any claims based upon vicarious/alter ego liability.[3]

III.  Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART defendants Chris Stamatis and Mary Elgie Stamatis' Motion to Dismiss Amended Complaint [docket no. 87] as follows:

(A)  The Court GRANTS the motion to dismiss as to Count X (Breach of Guaranties) and DISMISSES Count X as to defendants Chris Stamatis and Mary Elgie Stamatis, and

(B)  The Court FINDS the remainder of the motion to dismiss is MOOT.

**IT IS SO ORDERED this 7th day of October, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] To the extent plaintiffs are alleging any claims against defendants Chris Stamatis and Mary Elgie Stamatis based on their own personal conduct, the Court declines to address those claims in this order as they were not specifically addressed in the motion to dismiss.